## BEN DAVIES v. STATE.

No. A-6596. Opinion Filed July 13, 1929.
(279 Pac. 696.)

Drennan & Drennan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of maintaining a public nuisance, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. Motion for new trial was filed and overruled, and the case appealed to this court.

The testimony on behalf of the state in substance is as follows:   Frank Hamilton testified he was sheriff of Grant county; he answered a call, and went to the home of Ben Davies; when he got there, Ben was cleaning the house after a party, where some of them had gotten a little full; defendant told him he had had a little trouble with Fred Ernest, that Fred made a lunge at him with a knife, and he shot him in the knee with a little 22 pistol. "I did not find any whisky there. I found some Rexall bath alcohol and placed the defendant under arrest for shooting Fred Ernest." On cross-examination he stated he never knew of any one drinking bath alcohol. "I made a trip out there because I had been advised Fred Ernest had been shot. I did not go out there for the purpose of searching the Davies home."

W. M. Schultz stated he lived less than one-half mile from  defendant's home;  the reputation of defendant's home was fairly good in some ways and in some ways not

so good. "I have seen a number of people there at his house and a number of cars; never did hear any unusual noise or disturbance at the place." On cross-examination witness stated he lived in one-half mile of defendant's home, and that Mr. Snyder and Mr. Bluebaugh lived nearer the defendant's place than he did; that cars went back and forth, and that cars went back and forth to other places in the community.

Dr. H. P. Rutherford was called, and testified he treated Fred Ernest for his wound where he had been shot; he picked a number of shots out of Fred's leg. This was objected to by the defendant on the ground that it was incompetent, irrelevant, and immaterial, which objection was overruled, and defendant duly excepted.

J. H. Snyder was called for the state, and testified he lived just across the road from the defendant; witness was asked as to the reputation of defendant's place before the time mentioned in the affidavit, and answered, as far as he was concerned, on oath, "I could not say." On cross-examination he was asked if he had seen any one drunk or heard any unusual noise, which was objected to by the defendant, the objection overruled, and defendant saved an exception. The witness answered he had never seen anybody drink anything but water. He had never seen any one drinking there.

This is in substance the testimony on behalf of the state. The defendant demurred to the evidence offered by the state, on the ground that same wholly fails to show that defendant has maintained any public nuisance, in this, that no witness testified that he was annoyed or vexed in any way by what occurred at defendant's home, which demurrer was overruled, and defendant duly excepted.

The defendant in his own behalf testified that he lived on his mother's farm, and that the neighbors came in to listen to the radio.

"On the night of May 11, 1926, I had been to a dance and several parties came to my house in my car; Fred Ernest went out to my house with me; there was no whisky there excepting what Fred Ernest had; the bath alcohol found by the officers I used for bathing my leg that had been amputated; the parties stayed at my house practically all night."

On cross-examination he stated he had had the radio for four years.

"I saw Fred Ernest have a pint of whisky, I saw it as we passed the Osage bridge on the way out to my house; we cooked something to eat about daylight. When the sheriff and county attorney came out to my house I told them I had shot Fred Ernest, that he had a knife in his hand, and I said he was drinking; there was no disturbance there other than the little trouble Fred Ernest and I had."

Lee Bluebaugh, testifying for the defendant, stated that he worked the farm just south of Mr. Davies; there had never been any disturbance at the Davies place that bothered him in any way whatever; he had lived there about 28 years and had known the defendant during that time. Witness was asked on cross-examination as to the reputation of the defendant, and stated he had known the defendant for years, and had never heard anything against him; to his knowledge the reputation of the place was not very good. "As far as I have seen everything went along all right, I lived there by him and there was never anything that occurred that disturbed or bothered me."

At the close of all the testimony the defendant moved the court to peremptorily instruct the jury to return a

verdict of not guilty in favor of the defendant, which motion was overruled, and defendant excepted.

The defendant assigned nine errors alleged to have been committed by the court in the trial of the case. The first assignment is that the court erred in not sustaining the demurrer of the defendant filed in said cause. After an examination of the information, we hold that the information could not be classed as a model, but there are sufficient facts stated in the information to advise the defendant of the charge against him, and the demurrer of the defendant to the information was properly overruled.

The second assignment of error is that the court erred in not sustaining the demurrer of the defendant to the evidence as offered by the state, for the reason that no competent testimony was before the jury at the conclusion of the evidence offered by the state, and that no crime had been proven.

Section 7870, Comp. St. 1921, defines a nuisance as follows:

"A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission either:

"First. Annoys, injures or endangers the comfort, repose, health, or safety of others; or,

"Second. Offends decency; or

"Third. Unlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake or navigable river, stream, canal or basin, or any public park, square, street or highway; or,

"Fourth. In any way renders other persons insecure in life, or in the use of property."

Section 7871, Comp. St. 1921, defines a nuisance as follows:

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

Section 7872, Comp. St. 1921, is as follows:

"Every nuisance not included in the definition of the last section is private."

From an examination of the record we hold that there is no competent testimony to show that an offense had been committed by the defendant. No one testifies as to being disturbed, or that any act done by the defendant or any one at defendant's home in any way whatever disturbed their peace or quietude, or that it injured their property. Nor is there any testimony in the record showing any act by any one at the defendant's home of an indecent or improper character. The only testimony in the record is a statement of the defendant that he had some little trouble with Fred Ernest, and that Fred had been drinking, and tells where he saw Fred with a pint of whisky before reaching defendant's home.

There is no testimony whatever showing that there was any drinking or dancing, or any loud or boisterous language used, or that the place was frequented by any persons other than in the ordinary course of visiting. Neither of the witnesses testified that they were affected by the conduct or lack of conduct, or use of premises of the defendant, and those who testified as near neighbors testified nothing occurred at defendant's home that disturbed or bothered them.

436

This court has often held that, where there was any competent testimony to go to the jury, it would not disturb the verdict of the jury, but where, as in this case, there is no competent testimony to sustain a conviction, it would reverse the case. The testimony is wholly insufficient to sustain the judgment, and the demurrer of the defendant to the evidence was well taken, and should have been sustained.

The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.